IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Robert Martin,                          :

                Plaintiff,      : Case No. 2:15-cv-2888

    v.                                  :

Ohio Department of              :CHIEF JUDGE EDMUND A. SARGUS, JR.
and Corrections, et al.,         Magistrate Judge Kemp

                Defendants.     :


REPORT AND RECOMMENDATION

    Plaintiff, Robert Martin, a state prisoner who resides at
the Hocking Correctional Facility, submitted his complaint in
this case on October 8, 2015.  His complaint was accompanied by a
motion for leave to proceed in forma pauperis.  As has become
customary with Mr. Martin's motions for leave to proceed in forma
pauperis, that motion was not accompanied by the required trust
fund statement from his institution.  Once again, as explained
below, the Court will not direct Mr. Martin to provide a trust
fund statement in order to allow the Court to consider whether to
assess a partial filing fee based on that statement.

    This Court recently pointed out in denying Mr. Martin's
motion for leave to proceed in forma pauperis in Martin v. Ohio
Department of Rehabilitation and Corrections, Case No. 2:15-cv-
2872, that Mr. Martin has had three or more cases or appeals
dismissed in the past as frivolous or for failure to state a
claim on which relief can be granted.  See Martin v. Aramark Food
Corp., Case No. 2:15-cv-1112 (S.D. Ohio);  Martin v. Harlan, Case
No. 2:14-cv-1553 (S.D. Ohio); Martin v. Woods, Case No. 2:12-cv-
341 (S.D. Ohio), citing Martin v. Welch, Case No. 2:10-cv-736
(S.D. Ohio); Martin v. Ohio Supreme Court, Case No. 2:04-cv-613
(S.D. Ohio); Martin v. Mrs. Lowery, Case No. 2:04-cv-641 (S.D.

Ohio).

Under that portion of the Prison Litigation Reform Act codified at 28 U.S.C. §1915(g), the so-called "three strikes" rule, a prisoner may not bring a suit in forma pauperis if that prisoner "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Thus, he is not entitled to proceed in forma pauperis and to pay the filing fee in installments unless he can demonstrate that he meets the "imminent danger" requirement of §1915(g).  Otherwise, he must pay the entire filing fee (currently $400.00 for prisoners not granted in forma pauperis status) at the outset of the case.

Consistent with several recent cases, Mr. Martin does not address the issue of imminent danger in his complaint.  Rather, the issues raised by his complaint appear to be strictly financial in nature.  For example, Mr. Martin contends that he did not receive $1304.00 upon his release from prison in 1982. He asserts that, under the Earned Compensation Program, he was entitled to earned compensation in the amount of $1152.00 and interest at the rate of 10%.  Further, he claims that filing fees totaling $337.75 for his various state cases have been arbitrarily and illegally seized from him without due process. He also contends he is entitled to restitution in the amount of $282.94 for filing fee payments in his federal cases made by the prison cashier without his consent.

These allegations in no way suggest any issue of imminent danger.  For this reason, it is recommended that the motion for leave to proceed in forma pauperis (Doc. 1) be denied, and that Mr. Martin be directed to submit the entire $400.00 filing fee

within thirty days if he wishes to proceed with this action.  If
that recommendation is accepted, he should also be advised that
if he does not pay the fee, the action will be dismissed and will
not be reinstated even upon subsequent payment of the filing fee.
See McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997).

Procedure on Objections

If any party objects to this Report and Recommendation,
that party may, within fourteen (14) days of the date of this
Report, file and serve on all parties written objections to
those specific proposed findings or recommendations to which
objection is made, together with supporting authority for the
objection(s).  A judge of this Court shall make a de novo
determination of those portions of the report or specified
proposed findings or recommendations to which objection is
made.  Upon proper objections, a judge of this Court may
accept, reject, or modify, in whole or in part, the findings
or recommendations made herein, may receive further evidence
or may recommit this matter to the magistrate judge with
instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to
object to the Report and Recommendation will result in a
waiver of the right to have the district judge review the
Report and Recommendation de novo, and also operates as a
waiver of the right to appeal the decision of the District
Court adopting the Report and Recommendation.  See Thomas v.
Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d
947 (6th Cir. 1981).


                              /s/ Terence P. Kemp
                              United States Magistrate Judge




                              -3-